UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>         v.<br><br>EUGENIO MEZA-OROZCO,<br><br>                              Defendant. | CASE NO. CR14-5246 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Eugenio Meza-Orozco's motion for compassionate release. Dkts. 128, 141. The Court has considered the briefings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In April 2015, Meza-Orozco was charged with Conspiracy to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)–(B), Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2, three counts of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2, and Possession of a

1  Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C.

2  §§ 924(c)(1)(A), 2. Dkt. 83. In May 2015, Meza-Orozco pled guilty to Conspiracy to

3  Distribute Methamphetamine and Heroin and one count of Possession of

4  Methamphetamine with Intent to Distribute. Dkt. 92.

5       The Court sentenced Meza-Orozco to 120 months custody—the statutory,

6  mandatory minimum. Dkt. 118. Meza-Orozco is currently housed at the Giles W. Dalby

7  Correctional Institution (a privately operated prison) in Post, Texas ("CI Dalby") and is

8  scheduled to be released on October 8, 2022.

9       On April 27, 2021, Meza-Orozco filed a pro se motion for compassionate release.

10  Dkt. 128. Counsel was subsequently appointed, Dkt. 132, and the parties stipulated to

11  allow Meza-Orozco to file a supplemental or amended motion, Dkt. 136. On July 2,

12  2021, Meza-Orozco filed a supplemental motion for compassionate release, Dkt. 141, a

13  motion for leave to file overlength briefing, Dkt. 139, and a motion to seal, Dkt. 140. On

14  July 16, 2021, the Government responded. Dkt. 143. On July 22, 2021, Meza-Orozco

15  replied, Dkt. 145, and filed a motion for leave to file overlength briefing, Dkt. 144.[1] On

16  July 29, 2021, Meza-Orozco filed a notice of supplemental authority. On August 4, 2021,

17  the Court requested a surreply from the Government. Dkt. 147. On August 13, 2021, the

18  Government filed its surreply. Dkt. 148.

19  _____

20  [1] In regard to the motion to seal, Meza-Orozco asserts that the exhibit filed in support of his motion should remain under seal because it contains his personal, medical information. Dkt.

21  140. The Court agrees and GRANTS the motion. The Court also GRANTS the Meza-Orozco's unopposed motions to file briefing in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District

22  of Washington. Dkts. 139, 144.

ORDER - 2

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

1    requested sentence reduction; and (3) the reduction is consistent with the Sentencing

2    Commission's policy statement. *See id.*

3          The Sentencing Commission's policy statement referenced in 18 U.S.C.

4    § 3582(c)(1)(A)(i) provides, in relevant part:

5               [T]he court may reduce a term of imprisonment (and may impose a
          term of supervised release with or without conditions that does not exceed
6          the unserved portion of the original term of imprisonment) if, after
          considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that
7          they are applicable, the court determines that—
                    (1)(A) Extraordinary and compelling reasons warrant the reduction;
8                   ***
                    (2) The defendant is not a danger to the safety of any other person or
9          to the community, as provided in 18 U.S.C. § 3142(g); and
                    (3) The reduction is consistent with this policy statement.
10

11   United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has

12   held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate

13   release, joining the many circuits across the country. *See United States v. Aruda*, 993

14   F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister

15   circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable

16   policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."

17   (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir.

18   2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG

19   § 1B1.13 is helpful guidance to the Court when exercising its discretion.

20          Therefore, on a defendant-initiated motion under the First Step Act, the defendant

21   must show that they have extraordinary and compelling reasons to warrant their release,

22   and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

**A.      Extraordinary and Compelling Reasons**

The Court considers a non-exhaustive list of factors federal courts have considered

in determining whether a defendant has extraordinary and compelling reasons for

compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race,
> *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3
> (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more,
> medically-documented, chronic health conditions that render him or her
> more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132
> RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that
> the movant's health issues were "not merely self-diagnosed," but rather
> "medically documented and verified"); *United States v. Rodriguez*, No.
> 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020)
> (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities
> was in a "higher risk category"); (iii) the fatality rate for individuals with
> similar health conditions as compared with the overall fatality rate for
> COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States
> v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20,
> 2020) (granting a motion brought by a defendant suffering from
> pancytopenia, which is associated with an "over fivefold enhanced risk of
> severe COVID-19"); (iv) whether the inmate has previously tested positive
> for the coronavirus that causes COVID-19 and, if so, whether the inmate
> suffers from any long-term effects of the disease*, see United States v.
> Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D.
> Wash. June 17, 2020) (denying a motion for compassionate release brought
> by an inmate who recovered from and was "not suffering from any reported
> lingering symptoms" related to COVID-19); and (v) whether the inmate's
> release is expected to reduce the risk of him or her contracting COVID-19,
> see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at
> *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a
> situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July

8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis

of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases.

1   *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant

2   who suffers from hypertension and chronic kidney disease presented extraordinary and

3   compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at

4   *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution

5   that had only two inmates infected with COVID-19 did not present an extraordinary and

6   compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at

7   *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body

8   Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and

9   compelling reasons without additional evidence of other risk factors). The Court has

10   discretion to consider the factors in determining whether Meza-Orozco has extraordinary

11   and compelling reasons. *See Aruda*, 993 F.3d at 801 ("district courts are 'empowered . . .

12   to consider *any* extraordinary and compelling reason for release that a defendant might

13   raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis

14   and alteration in original)).

15       Meza-Orozco argues that his chronic medical conditions amount to extraordinary

16   and compelling reasons warranting release. *See* Dkt. 141 at 4–6. He asserts that he suffers

17   from hypertension, type 2 diabetes, and hyperlipidemia and has a Body Mass Index

18   ("BMI") of 33.64. The CDC recognizes that having hypertension, type 2 diabetes, or

19   obesity, i.e., having a BMI between 30 and 40, can make an individual more likely to get

20   severely ill from COVID-19.[2] The CDC also specifically recognizes that the risk of

21   _____

22       [2] Center for Disease Control and Prevention, *People with Certain Medical Conditions,*
    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

1    severe COVID-19 illness increases sharply with elevated BMI. Meza-Orozco is also 58

2    years old. The CDC recognizes that severe illness from COVID-19 increases with age but

3    makes clear that people in their 50s have a lower risk for severe infection than individuals

4    in their 60s, 70s, or 80s.[3]

5            Yet, Meza-Orozco has been vaccinated against COVID-19 and received the

6    Johnson & Johnson's Janssen ("J&J/Janssen") vaccine, which is 66.3% effective at

7    preventing COVID-19 illness.[4] While being fully vaccinated is not conclusive on a

8    motion for compassionate release, it is consistent with this Court's precedent to find that

9    absent a specific showing that the defendant themselves remains particularly susceptible

10   to infection, vaccination cuts against a finding of extraordinary and compelling reasons.

11   *See, e.g.*, *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4

12   (W.D. Wash. Jan. 29, 2021). Meza-Orozco argues that he remains at risk for severe

13   illness or death even though he has been vaccinated because of the high rate of

14   transmissibility of the Delta variant. He asserts that the J&J/Janssen vaccine is only 33%

15   effective against the Delta variant. Dkt. 145 at 3; *see also* Dkt. 146 at 3.

16

17

18   conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-
     ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated May 13, 2021).

19          [3] Center for Disease Control and Prevention, *Older Adults*,
     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last
20   updated July 3, 2021). According to the CDC, people 85 or older are the most likely to get very
     sick.

21          [4] Centers for Disease Control and Prevention, *Johnson & Johnson's Janssen COVID-19
     Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-
22   vaccines/janssen.html (last updated June 23, 2021)

1    The Court requested a surreply on the Government on this issue of vaccine

2  efficacy and the Delta variant. Dkt. 147. The Government provides authority from the

3  CDC and from the Kaiser Family Foundation, a nonprofit organization reporting on

4  national health issues, on this particular issue. The CDC reports that infections from the

5  Delta variant of COVID-19 remain rare among individuals who are fully vaccinated but

6  that breakthrough infections are expected.[5] Importantly, the CDC states that *all* vaccines

7  are effective against severe illness, hospitalization, and death. KFF's reporting also

8  supports this conclusion, finding that, among the states that report data on COVID-19, the

9  hospitalization rate among fully vaccinated individuals and the rate of death among fully

10  vaccinated individuals is effectively zero.[6]

11    While Meza-Orozco argues that his risk of severe infection or death because of

12  COVID-19 remains high and that the efficacy of the vaccine is still unknown, *see, e.g.*,

13  Dkt. 145 at 4, the Court concludes that, at this time, he has not established extraordinary

14  and compelling reasons. The Court understands that the science is still evolving as to

15  vaccine efficacy and the Delta variant, but it appears conclusively established that fully

16  vaccinated individuals are reasonably protected from hospitalization and death. Meza-

17  Orozco has not made a specific showing that he is at reasonable risk of severe illness or

18

19    [5] Centers for Disease Control and Prevention, *What You Need to Know about Variants*, https://www.cdc.gov/coronavirus/2019-
20  ncov/variants/variant.html?%20CDC_AA_%20refVal=%20https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Ftransmission%20%2Fvariant.html (last updated Aug. 6, 2021).

21    [6] Kates, Jennifer, et al., *COVID-19 Vaccine Breakthrough Cases: Data from the States*, https://www.kff.org/policy-watch/covid-19-vaccine-breakthrough-cases-data-from-the-states/
22  (July 30, 2021).

death from COVID-19 either because of his chronic medical conditions or because of the J&J/Janssen vaccine's efficacy against the Delta variant. The Court's conclusion is additionally supported by the fact that CI Dalby, where Meza-Orozco is housed, has zero active COVID-19 cases.[7]

At this time, because Meza-Orozco has been vaccinated, his chronic medical conditions do not amount to extraordinary and compelling reasons to warrant compassionate release. His motion for compassionate release is, therefore, denied without prejudice.[8]

### III.   ORDER

Therefore, it is hereby **ORDERED** that Meza-Orozco's motion for compassionate release, Dkts. 128, 141, is **DENIED**. It is further **ORDERED** that Meza-Orozco's motions for leave to file overlength brief, Dkts. 139, 144, and motion to seal, Dkt. 140, are **GRANTED**.

Dated this 17th day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[7] Federal Bureau of Prisons, *COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed Aug. 16, 2021).

[8] Because Meza-Orozco has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.